UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C HORTON, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>　　　　Defendants. | Case No. 15-cv-05322-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 17 |

## INTRODUCTION

When parties lose a case on the merits, whether in state or federal court, they cannot revive it by simply filing the same complaint again. That is what pro se plaintiffs John and Delinda Horton did here. The doctrine of res judicata applies. As a result, defendants JPMorgan Chase Bank, N.A. ("Chase"), Deutsche Bank National Trust Company ("Deutsche"), and Mortgage Electronic Registration Systems, Inc.'s ("MERS") motion to dismiss is GRANTED.

## BACKGROUND

Although plaintiffs' complaint contains few cognizable facts, the following can be gleaned from the judicially noticeable record:[1]

---

[1] Defendants' request for judicial notice of Exhibits A –M is GRANTED. Dkt. No. 18 ["RJN"]. Under Federal Rule of Evidence 201(b), a judicially noticed fact must be one not subject to reasonable dispute because it is either (1) "generally known within the trial court's territorial jurisdiction;" or (2) "can be adequately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(d). A court may "take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted). The Court takes judicial notice of Exhibits A through F as they are public records. *See e.g.*, *W. Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county public record, including a state court file and deeds of trust); *Valasquez v. Mortgage Elec. Registration Sys., Inc.*, No. 08-cv-3818-PJH, 2008 WL 4938162, at *2-3 (N.D. Cal. Nov. 17, 2008) (taking judicial notice of a deed of trust and notice of default). The Court takes judicial notice of the existence of Exhibits G through M as they are court records. *See, e.g.*, *Hunt v. Check Recovery Sys. Inc.*, 478 F. Supp. 2d 1157, 1160-61 (N.D. Cal. 2007) ("Judicial

On October 3, 2006, plaintiffs obtained a $432,250 loan secured by a deed of trust encumbering property located at 553 5th Street, Vallejo, California 94590. The deed of trust was recorded fifteen days later in the Solano County official records, listing MERS as the nominee beneficiary and Fremont General Credit Corporation as the trustee. RJN Ex. A. On July 9, 2009, MERS assigned all of its beneficial interest in the deed to Chase. RJN Ex., B. That same day, Chase substituted California Reconveyance Company ("CRC") as the trustee in the deed. RJN, Exh. C. On July 10, 2009, CRC recorded a Notice of Default and Election to Sell Under Deed of Trust with Solano County which provided that $16,740.29 was due on the original loan. RJN, Exh. D. Thirteen months later, in August 2010, the unpaid balance, along with other charges, was recorded at $490,214.11. RJN, Exh. E. On January 3, 2011 the property was sold to Chase at a public auction for $98,628. RJN, Exh. F.

## I. PRIOR ACTION

In December 2013, approximately two years after the sale of the property, plaintiffs filed a complaint in Alameda County Superior Court against defendants alleging twelve causes of action relating to the foreclosure. RJN, Exh. G. Chase filed a demurrer, arguing that plaintiffs had failed to state a claim and that the claims were time-barred. RJN, Exh. H. On July 16, 2014, the state court dismissed all of the alleged claims but provided plaintiffs with leave to amend five of the claims. RJN, Exh. I. After plaintiffs filed a first amended complaint, Chase filed a second demurrer. RJN, Exh. K. The court granted Chase's demurrer, dismissing all five remaining claims without leave to amend and dismissing the lawsuit against Chase with prejudice. RJN, Exh. L. Due to plaintiffs' failure to serve the remaining defendants and failure to demonstrate good cause as to why the complaint should not be dismissed, the court thereafter dismissed the entire case without prejudice as to the other parties. RJN, Ex. M.

## II. PRESENT ACTION

This lawsuit commenced in Alameda County Superior Court on April 13, 2015. Dkt. No.

---

notice may be taken of 'adjudicative facts' such as court records, pleadings."). The requests for judicial notice of the state court's rulings are granted as to the existence of the opinions but not as to the truth of their contents. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

1. Plaintiffs' complaint is identical to the one filed in 2013, alleging twelve causes of action for: (1) "unfair and unethical business practices;" (2) "breach of covenant of good fair dealings;" (3) "slander of title;" (4) "alter ego liability;" (5) "breach of contract;" (6) "violation of California's Business and Professions Code § 17200;" (7) "violation of the Truth in Lending Act;" (8) "violation of California Civil Code § § 2923.6, 1572 *et. seq.*;" (9) "defamation;" (10) "false light;" (11) "cancellation of assignment of the deed of trust;" (12) "cancelation of a voidable contract under Rev. & Tax Code §§ 23304.01, 23305A and violation of Cal. Corp. Code § 191." *Id.*, Exh. 1. On November 20, 2015, defendants removed the action to this district. Currently before me is their motion to dismiss arguing, in part, that plaintiffs' current lawsuit is barred by res judicata.

## LEGAL STANDARD

Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. There must be "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678.

In deciding whether a plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the

3

court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A pro se complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 520-21 (internal quotation marks omitted).

## DISCUSSION

Defendants argue that the complaint is barred by res judicata based on the previous judgment in state court. Plaintiffs' opposition brief does not address this argument.

The doctrine of res judicata, or claim preclusion, "provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal citations and quotation marks omitted). "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Id.* (internal citations and quotation marks omitted). The doctrine extends to "any claims that were raised or could have been raised in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (emphasis omitted).

When determining whether a judgment by a California court has res judicata effect, the federal Full Faith and Credit Act, 28 U.S.C. § 1738, requires a California federal court to apply the res judicata law of California to that judgment. *See San Remo Hotel, L.P. v. City & Cnty. of San Francisco*, 545 U.S. 323, 336 (2005) (finding that the Full Faith and Credit Act "has long been understood to encompass the doctrines of res judicata, or 'claim preclusion,' and collateral estoppel, or 'issue preclusion'"); *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) (holding that the Full Faith and Credit Act "requires federal courts to apply the res judicata rules of a particular state to judgments issued by courts of that state"). The application of res judicata under California law focuses on the same three factors as the federal res judicata doctrine: "(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior

1  proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party
2  against whom the doctrine is being asserted was a party or in privity with a party to the prior
3  proceeding." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010) (internal quotation
4  marks and citations omitted). Each factor is considered below.

### I.   IDENTITY OF THE CLAIMS

To determine whether two proceedings involve identical causes of action, California courts have "consistently applied the primary rights theory." *Slater v. Blackwood*, 15 Cal. 3d 791, 795 (1975). Under this theory, "the violation of a single primary right gives rise to but a single cause of action." *San Diego Police Officers' Ass'n v. San Diego City Emp.'s Retirement Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) (internal citations and quotation marks omitted). In other words, "if two actions involve the same injury to the plaintiff and the same wrong by the defendant[,] then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983). "What is critical to the [primary rights] analysis is the harm suffered; that the same facts are involved in both suits is not conclusive." *San Diego Police Officers' Ass'n*, 568 F.3d at 734 (internal citations and quotation marks omitted).

Here, this requirement has been indisputably satisfied. The complaint underlying the present action is identical to the complaint filed in 2013 in Alameda County Superior Court. Both complaints are based on the same facts, the same alleged harm, and the same twelve causes of action that were litigated in the prior state court proceeding.

### II.   FINAL JUDGMENT ON THE MERITS

The second element is also satisfied. "In California, a judgment entered after the sustaining of a general demurrer is a judgment on the merits, and, to the extent that it adjudicates that the facts alleged do not establish a cause of action, it will bar a second cause of action on the same facts." *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993). In the prior case, the Alameda County Superior Court granted Chase's second demurrer without leave to amend. This action dismissed all of the remaining claims and dismissed Chase from the lawsuit with prejudice. Following plaintiffs' failure to show cause as to why the matter

1  should not be dismissed in its entirety, the court thereafter dismissed the case without prejudice
2  with respect to the other defendants. This adjudication by the state court is sufficient to constitute
3  final judgment on the merits with respect to Chase.

**III.  PRIVITY BETWEEN THE PARTIES**

To determine privity, California "courts examine the practicalities of the situation and attempt to determine whether plaintiffs are sufficiently close to the original case to afford application of the principle of preclusion." *Armstrong v. Armstrong*, 15 Cal. 3d 942, 951 (1976) (internal citations and quotation marks omitted). In federal and California courts, privity exists when the party involved is "so identified in interest with another that he represents the same legal right." *Zaragosa v. Craven*, 33 Cal. 2d 315, 318 (1949) (internal citations and quotation marks omitted); *see also Tahoe-Sierra*, 322 F.3d at 1081 (stating that privity between parties exists when parties in both actions are identical or substantially identical, "that is, when there is sufficient commonality of interest") (internal citations and quotation marks omitted).

Here, the defendants bringing this motion– Chase, Deutsche, and MERS – were all parties to the previous state court proceeding. That proceeding ended with a judgment on the merits with respect to Chase and a dismissal without prejudice as to Deutsche and MERS. However, all of the defendants were sued in connection with plaintiffs' challenge to the validity and enforceability of the deed and the parties' roles in the foreclosure of plaintiffs' property. These roles are highly interrelated. MERS was the original beneficiary of the deed of trust of which was later assigned to Chase. According to defendants, Deutsche was a trustee of the securitized trust at issue, of which Chase was the servicer of the loans contained therein. Therefore, I find there is sufficient identity of interest between the defendants to establish privity. *See Lee v. Thornburg Mortgage Home Loans Inc.*, No. 14-cv-00602-NC, 2014 WL 4953966, at *6 (N.D. Cal. Sept. 29, 2014) (finding privity in a mortgage foreclosure case between the loan servicer, original lender, nominee, and trustee); *Sepehry-Fard v. Select Portfolio Servicing, Inc.*, No. 14-cv-05142-LHK, 2015 WL 1063070, at *5 (N.D. Cal. Mar. 10, 2015) (finding privity between the loan service provider, the beneficiary, and assignee of the trust).

Because all three elements necessary for res judicata are satisfied, the doctrine applies, and

plaintiffs are precluded from asserting their current claims against defendants. Accordingly, I do not consider defendants' other arguments for dismissal. The motion to dismiss is GRANTED.

## CONCLUSION

Plaintiffs have been trying to locate counsel. One that they thought they had retained turned out to be disbarred. At the hearing on this motion, Mr. Horton indicated that he has located someone else. Plaintiffs may have sixty (60) days from the date of this Order to amend the complaint. This amount of time will give plaintiffs' new counsel time to evaluate the legal merits of an amended complaint and to file one if appropriate, or, if new counsel does not appear, for plaintiffs to do so pro se. Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND.

**IT IS SO ORDERED**.

Dated: March 23, 2016



WILLIAM H. ORRICK
United States District Judge